IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re:<br><br>*ADAM LEE GIL*,<br><br>    Debtor<br><br>and<br><br>*ADRIENNE L. GIL*,<br><br>    Co-Debtor. | §§§§§§§§§§§§§ | CASE NO. 10-63744-jem<br>CHAPTER 13<br>JUDGE MASSEY |
| *ADAM LEE GIL*,<br><br>    Plaintiff,<br>and<br><br>*ADRIENNE L. GIL*,<br><br>    Co-Plaintiff.<br><br>             Versus<br><br>*Branch Banking and Trust Company*,<br>*A/k/a BB&T*,<br><br>    Defendant. | §§§§§§§§§§§§§§§§§§ | **ADVERSARY PROCEEDING** |

COMPLAINT OF THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 506(A)
AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF
SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM

### Introduction

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule

3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtors and determine the amount of the allowed secured claim of the Defendant.

## Jurisdiction

1.        The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.        The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

## The Base Case and Parties

3.        The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on February 8, 2010.

4.        An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5.        The 341(a) meeting of creditors will be held on March 25, 2010 in Atlanta, GA. The plan is set for plan confirmation on April 28, 2010. The deadline to file a complaint to determine the dischargeability of certain debts is May 24, 2010. The deadline to file a non-governmental proof of claim is June 23, 2010.

6.        To date, the Defendant has not filed a Proof of Claim in the debtors' Chapter 13 case. The Plaintiffs listed the debt to BB&T in their schedules and indicated in their proposed

Chapter 13 plan that the debt would be treated as unsecured pending the outcome of this adversary proceeding.

7.     The Defendant is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Georgia, and which maintains a principal place of business in some state other than the State of Georgia.

## Factual Allegations

8.     In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of BB&T for the home equity line of credit on the residential real estate of the debtor at Cheviot Lane.  The debtors believed and therefore alleged in their petition and schedules that there was no equity in their residential real estate to which the line of credit could secure at the time that the loans were made and, that there is no equity in their residential real estate to which to line of credit can secure now.  Therefore, the debtors' plan provides for the claim to be paid as an unsecured claim under the terms of the confirmed plan.

9.     The Plaintiffs allege that at the time they filed their bankruptcy petition and at the present time the value of their interest in the said residential real estate was and is approximately no more than $104,000.00.

10.    The Plaintiffs' interest in the real estate is subject to a first lien arising out of a mortgage in favor of American Home Mortgage in the amount of approximately $105,600.00 (Proof of Claim not yet filed).

11.    The Plaintiff's interest in his residential real estate is subject to a second lien arising out of a mortgage in favor of BB&T in the amount of approximately $39,032.00.

12.    The lien securing the home equity line of credit of BB&T is junior to the first mortgage listed above.

13.     The Plaintiffs allege that there was no equity in their home at the time the mortgage was written, and that there is no equity in their home now to support the home equity line of credit.  Therefore the Defendant has no secured interest for the loan secured by the home equity line of credit on the subject real estate.

14.     Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the home equity line of credit on the subject real estate.

15.     Any timely filed claim of the Defendant for the second mortgage is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

16.     A review of the DeKalb County deed book reveals the following:

| Creditor | Date Lien was Established | Amounts Owed &Owing |
|---|---|---|
| Mortgage A:<br><br>*Now owned by American Home Mortgage* | 6/30/2005 Security Deed signed by Adrienne Gil <u>and</u> Adam Gil,<br><br>7/8/2005 recorded DeKalb County, GA<br><br>(Book 17631 Pg 460) | • $105,600.00 owed<br>• $105,600.00 owing (based on debtors' estimate) |
| Mortgage B:<br><br>*Now owned by BB&T* | 8/16/2005 Home equity line of credit signed by Adrienne Gil,<br><br>10/7/2005 recorded DeKalb County, GA<br><br>(Book 17980 Pg. 102) | • $38,400.00 owed<br>• $39,032.00 owing (based on debtors' estimate). |

**WHEREFORE,** the Plaintiffs respectfully pray of the Court as follows:

A.      That this Court determines that the Defendant has no secured interest for the loan secured by the second mortgage on the residential real estate of the Debtor;

B. That this Court order the Defendant to cancel the second mortgage on the residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the home equity line of credit be treated as an unsecured claim under the plan;

D. That the attorney for the Plaintiff be awarded reasonable legal fees;

E. That the Plaintiffs have such other and further relief as to the Court may seem just and proper.

This 16th March 2010.

                Respectfully submitted,
                The Law Office of
                SHANNON D. MCDUFFIE, P.C.
                Attorney for the Gils

                **/s/ Shannon D. McDuffie**
                Shannon D. McDuffie GA Bar No. 187808
                PO BOX 3670
                Decatur, GA 30031
                404-418-8879 Phone
                404 921-9194 Fax
                Shannon@AttorneyMcDuffie.com